**CAROLENE PRODUCTS CO. v. WALLACE, Secretary of Agriculture, et al.**

**No. 1462.**

**District Court of the United States for the District of Columbia.**

**June 27, 1939.**

Frank K. Nebeker, of Washington, D. C., and George N. Murdock, of Chicago, Ill., for plaintiffs.

David A. Pine, U. S. Dist. Atty., Harry L. Underwood, Asst. Dist. Atty., and William Garbose, Department of Justice, all of Washington, D. C., for defendants.

Before EDGERTON, Associate Justice of the United States Court of Appeals for the District of Columbia, and LUHRING and LETTS, Associate Justices.

PER CURIAM.

The plaintiff, Carolene Products Company, is a Corporation organized and existing under the laws of the State of Michigan, with its principal office and place of business at Litchfield, Illinois. It is engaged in the sale and shipment in interstate commerce of a product known and sold under the trade names of "The New Vitamin A Carolene" and "The New Vitamin A Milnut." This product is in commercial competition with evaporated or condensed milk.

Plaintiff brings this suit to enjoin the Secretary of Agriculture and the Attorney General from instituting criminal prosecutions against it for and on account of the shipment or delivery for shipment of its product in interstate commerce in violation of the so-called Filled Milk Act, Act of March 4, 1923, 42 Stat. 1486, 21 U.S.Code, §§ 61–63, 21 U.S.C.A. §§ 61–63, on the ground that as applied to its product said act

is unconstitutional; that it transcends the power of Congress to regulate interstate commerce and infringes the Fifth Amendment, U.S.C.A.Const.

Said Filled Milk Act defines "filled milk" as—"any milk, cream, or skimmed milk, whether or not condensed, evaporated, concentrated, powdered, dried, or desiccated, to which has been added, or which has been blended or compounded with, any fat or oil other than milk fat, so that the resulting product .is in imitation or semblance of milk, cream, or skimmed .milk, whether or not condensed, evaporated, concentrated, powdered, dried or desiccated" [21 U.S.C.A. § 61], and declares filled milk as in the Act defined to be "an adulterated article of food, injurious to the public health, and its sale constitutes a fraud upon the public." 21 U.S.C.A. § 62. Shipment in interstate or foreign commerce of filled milk is declared unlawful.

The said Filled Milk Act has been judicially declared to be valid on its face. United States v. Carolene Products Company, 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234.

It appears that but one criminal prosecution has been instituted· against the plaintiff for a violation of said Filled Milk Act.

In the findings of fact made upon consideration of the application of plaintiff for a temporary injunction, 27 F.Supp. 110, we found that the showing then made by plaintiff established that its product is a wholesome and nutritious article of food (Finding 6) but we also found that the evidence failed to show that the product is anywise different from other articles within the prohibited class defined in the Filled Milk Act (Finding 8).

We concluded as matters of law, among others, that the plaintiff had made no showing essential to warrant an injunction against the defendants herein and had failed to show a state of facts which required equitable relief. There, conclusions of law were based in part upon the principle that equity will not interpose to enjoin criminal prosecutions or proceedings except in extraordinary situations.

Upon final hearing of the cause, held on June 7, 1939, it appeared that the evidence which plaintiff proposed to adduce on its part would in substance and effect establish that the plaintiff's product is a wholesome and nutritious product, not injurious to health through the substitution of cocoanut-

oil for butterfat; that it was not in existence at the time of the enactment of the Filled Milk Act, being first marketed in November, 1937.; that this product is not an inferior product to evaporated whole milk, but, in every respect, superior to it and in no way ,endangers the health, safety. or welfare of the public.

On behalf of the defendants it was conceded that the product under consideration in this case was not manufactured or marketed until November, 1937; that its con-. stituents, skimmed milk, cocoanut-oil and fish liver concentrates (the source of Vitamins A and D .in the product), are not unwholesome or deleterious, but wholesome and nutritious in the sense that in reasonable quantities it is not likely to hurt anybody; that the product contains no poisonous ingredients. Defendants would not concede that the product was equal to evaporated whole milk either in wholesomeness or nutritiousness; neither were they prepared to concede that the use of cocoanut-oil in diet would not have bad effect on one's health because they could· not say that such use might not in time show an inferiority in the product as compared to milk containing butterfat. Further, that the defendants would adduce evidence as to the superiority of butterfat in comparison with cocoanut-oil.

Counsel for plaintiff stated at the hearing that the facts with regard to the prospects of criminal prosecutions against plaintiff were the same as they were at the time of the hearing on the application for the preliminary injunction and that he had not heard of anything further in respect to additional criminal prosecution.

The plaintiff, since the initiation .of the criminal proceeding pending in the United States District Court for the Northern District of Indiana, referred to in finding 5, supra, has continued to carry on and was, at the time of the final hearing, carrying on its business in interstate commerce, notwith-. standing there is no restraint of ·criminal proceedings against it. The intrastate business has been and can be continued.

If the facts claimed by plaintiff were completely established in all respects, it would not be entitled to an injunction against criminal prosecution, because there is no immediate threat of irreparable injury by repeated criminal prosecutions or otherwise, and a case for the requested equitable relief would not be made out.

Under the circumstances of the case as now presented, the taking of testimony would not result in any advantage, nor would it serve any useful purpose, and it is not necessary.

The plaintiff has an opportunity to present its contentions and its proposed evidence upon the matters specified in the criminal prosecution now pending.

There is no showing of present, immediate irreparable injury or any circumstances of an extraordinary nature or character such as would warrant equitable interference by this court against criminal prosecutions.

The complaint should be dismissed.